Mr. Justice Nott
delivered the opinion of the Court.
.A defendant is not authorized topleací double without leave of the Court, first obtained fof that purpose. I have no doubt but that such leave is often obtained without being entered in the minutes of Court. • And when a plea had been filed in due time, and particularly when the cir-cumstafices authorized a belief that it had been acquiesced in by the opposite party, I would always presume it had been done with leave of the Court. But tbe 'círcunv *51 stances of this case furnish no such presumption. The, proper time to obtain leave tó plead double, is the first Court after the filing of the declaration. But I have never known it allowed at any subsequent Court, unless the cause had been previously continued over to the succeeding term; nor even then without giving notice to the opposite party to shew cause to the contrary. In- the present case, the presumption is either, that no leave had been given to plead double, or that the privilege had been waived until it was too late. If the leave had been obtained at any antecedent Court, the defendant had forfeited his right by delay. He had no right after such a lapse of time to, surprise the plaintiff with an unexpected plea in bar. If it had been obtained during that term, it would in all probability have been recollected. Indeed it cannot be presumed that any Judge would give a party leave to put in such a plea three years after the cause had been at issue, when it was ready for trial, and at the very moment when it might be called. I have little doubt that if such an order had been made under such circumstances, this Court would order it to be rescinded. It is a practice which can never be allowed, that after the necessary delay usually occasioned by' the accumulated business of Charléston, a defendant should be permitted to force the plaintiff to ano- * ther continuance, by putting in a special plea in bar, which he could not be prepared to answer. If the defendant has1 suffered any injury in this case^ it is his own fault. Although living in Charleston almost within hearing of the .cryer’s voice, he has suffered four years to elapse without instructing his counsel in his defence, or even informing himself of the nature of the demand on which he was sued, The motion must be refused.
Justices Colcock and Gantt, concurred.
Justice Richardson, dissented.